IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHELLE R. KLAHN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 7:19-cv-365 |
| | ) | |
| v. | ) | |
| | ) | |
| **GLAXOSMITHKLINE LLC,** | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| **Defendants.** | ) | |

## REPORT & RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff Michelle Klahn's failure to show cause why this action should not be dismissed for failure to prosecute. Dkt. 38.

The Court scheduled a discovery conference call in this matter on January 28, 2021, to address Defendant's motion to amend the pretrial scheduling order. Dkt. 36. Defendant's counsel represented that he mailed the Plaintiff a letter at her last known address and attempted to call her on multiple occasions prior to the conference call. Dkt. 40. Plaintiff did not join the conference call and did not otherwise reach out to the Court to indicate she was unavailable.

On January 29, 2021, the Court ordered Plaintiff to show cause why her action should not be dismissed for failure to prosecute, and she was ordered to attend a video conference show cause hearing on February 22, 2021. Dkt. 38. The Court noticed the video conference show cause hearing on January 29, 2021. Dkt. 39. The notice was entered on the public docket and was mailed to the Plaintiff via U.S. Mail. Id. Plaintiff was additionally mailed login information for the video conference. The Plaintiff did not appear at the show cause hearing. Dkt. 42. The Plaintiff did not reach out to the Court to indicate she was unavailable or that she did not have the technology to participate in the video conference. Defense counsel represented at the hearing

that he attempted to call Plaintiff before the hearing, but he was unable to get in contact with her and set forth those efforts in detail at docket no. 40.

"A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) provides an explicit basis for this sanction." U.S. ex rel. Curnin v. Bald Head Island Ltd., 381 Fed. App'x 286, 287 (4th Cir. 2010) (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). The Fourth Circuit has instructed that courts consider "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and, (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir. 1990). These factors are not rigid, and a court must make a determination on the propriety of a Rule 41(b) dismissal based on the particular circumstances of the case. Burton v. Dabiri, No. 13–2371, 2015 WL 13215518, at *5 (D. Md. Dec. 18, 2015).

Here, the Plaintiff is proceeding *pro se*, so she is entirely responsible for her actions. See Green v. James, No. 4:09–1909, 2010 WL 1257488, at *1 (D.S.C. Feb. 22, 2010). The Court has now provided Plaintiff with an opportunity to show cause why she did not attend the discovery conference call and that she intends to dutifully prosecute her case. The Plaintiff has not been in touch with this court and made no effort to participate in the video conference hearings scheduled before me. It also does not appear that the Plaintiff has been responsive to the efforts of Defendant's counsel to contact her. The Plaintiff was specifically warned of the consequence of involuntary dismissal if she failed to comply with the Court's order. Dkt. 38. Moreover, there do not appear to be sanctions less drastic than dismissal that would be effective in securing Plaintiff's compliance.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and failure to comply with this Court's order.

The Clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered:  February 26, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge